# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CATFISH ENTERTAINMENT, INC.,** )<br>et al., )<br>)<br>**Defendants.** ) | Case No.:  5:11-cv-02879-JEO |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss Plaintiffs' copyright infringement action (doc. 5),[1] filed September 16, 2011.[2]  The parties have been afforded an opportunity to brief the relevant issues.  Upon consideration, the undersigned hereby finds that the motion to dismiss is due to be denied.

**I.      FACTS AND PROCEDURAL HISTORY**

Because this action is before the court on a motion to dismiss, the facts set forth in the Complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto."  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  Thus, the facts that follow are those set forth in the Complaint.

Broadcast Music is a corporation organized and existing under the laws of the State of New York.  (Doc. 1 at 2 ¶ 3).  It has been granted the right to license the public performance

---

[1] All references to "Doc. ___" refer to the document numbers assigned by the Clerk of Court.

[2] Defendant' initial motion (doc. 5) did not include Defense counsel's signature.  On October 19, 2011, Defendants' filed an amended motion that included the proper signature (doc. 9).

rights in approximately 6.5 million copyrighted musical compositions. (*Id.*) The nineteen other Plaintiffs to this suit are owners of at least one of the copyrights in the musical compositions that are the subject of this lawsuit. (*Id.* at 2 ¶ 4).

Defendant Catfish Entertainment is a corporation organized and existing under the laws of the state of Alabama that operates, maintains, and controls an establishment known as The Crossroads. (*Id.* at 5 ¶ 24). Catfish has a direct financial interest in The Crossroads. (*Id.* at 6 ¶ 26). In connection with the operation of The Crossroads, Plaintiffs allege that Catfish publicly performs musical compositions and/or causes musical compositions to be publicly performed. (Doc. 1 at 5 ¶ 25).

Defendants James Hunter and Jeffrey Goltz are officers of Catfish and are responsible for the operation and management of Catfish and The Crossroads. (*Id.* at 6 ¶¶ 27, 29). Plaintiffs allege that both James Hunter and Jeffrey Goltz have the right and ability to supervise the activities of Catfish and that they both have a direct financial interest in both Catfish and The Crossroads. (*Id.* at 6 ¶¶ 28, 30).

On August 17, 2011, Plaintiffs filed suit alleging copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (*Id.* at 2 ¶ 1). Specifically, Plaintiffs claim thirteen acts of willful copyright infringement, based upon Catfish's unauthorized public performance of musical compositions from Plaintiffs' repertoire. (Doc. 1 at 6, 7 ¶ 32). For each work, Plaintiffs allege that Catfish performed and/or caused the musical compositions to be publicly performed at The Crossroads without a license or permission to do so. (*Id.* at 8 ¶ 37). Plaintiffs further allege that the specific acts of copyright infringement, as well as Catfish's entire course of conduct, have caused and are causing Plaintiffs great and

incalculable damage.  (*Id.* at 8 ¶ 38).

In their prayer for relief, Plaintiffs seek to enjoin and restrain Catfish from infringing the copyrighted musical compositions licensed by Plaintiffs, pursuant to 17 U.S.C. § 502, and for statutory damages pursuant to 17 U.S.C. § 505(c).  (*Id.* at 9 ¶¶ I, II).  Further, Plaintiffs seek reasonable attorney's fees pursuant to 17 U.S.C. § 505, and for further relief as is just and equitable.  (*Id.* at 9 ¶¶ III, IV).  On September 16, 2011, Defendants moved to dismiss all claims pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b).  (Doc. 5).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (internal citations and quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 1949 (citing *Twombly*, 550 U.S. at 557).

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citations and quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

The United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*., grants a copyright owner the exclusive right to perform or authorize others to perform a copyrighted musical work.  17 U.S.C. § 106(4).  "To establish a prima-facie copyright infringement case for a musical composition, a plaintiff may prove (1) ownership of a valid copyright and (2) 'public performance' of the copyrighted work without authorization." *Simpleville Music v. Mizell*, 451 F. Supp. 2d 1293, 1295 (M.D. Ala. 2006) (citing 17 U.S.C. § 106(4) (subject to specific exclusions outlined in the Copyright Act, "the owner of copyright ... has the exclusive rights . . . in the case of ... musical ... works to perform the copyrighted work publicly") and *Feist Publications, Inc. v. Rural Telephone Service Co., Inc*., 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.")).

Defendants contend that they do not publicly perform musical compositions and/or cause musical compositions to be publicly performed.  They assert that all music performed at The Crossroads is chosen by the performing artists, and that they have no ability to direct the performers in this regard.  Under this premise, Defendants maintain that the Plaintiffs have no

cause of action under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE.  Nowhere in their motion to dismiss do Defendants cite authority to support this position.

Traditional principles of vicarious liability apply in copyright infringement actions. *Dream Custom Homes, Inc. v. Modern Day Const., Inc.*, 773 F. Supp. 2d 1288, 1310 (M.D. Fla. 2011).  Thus, one may be liable for copyright infringement even though he has not himself performed the protected composition.  *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 480 (S.D. Ga. 1994) (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1161–62 (2d Cir. 1971).  "An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity" can be held personally liable for the infringement.  *S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985) (quoting *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 517 F. Supp. 900, 904 (S.D.N.Y. 1981)); *Morley Music Co. v. Café Cont'l, Inc.*, 777 F. Supp. 1579, 1582 (S.D. Fla. 1991) ("Liability may also extend vicariously to corporate officers who have a dominant influence in a corporation and who have the capacity to control the acts of that corporation.").  More specifically, where a copyright infringement case involves live performances by musicians or disc jockeys, the owner of the establishment may be subject to vicarious liability for the infringement if it has "the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."  *New World Music Co. v. Tampa Bay Downs, Inc.*, 2009 WL 35184, *4 (M.D. Fla. Jan. 6, 2009) (quoting *Gershwin Publ'g Corp.*, 443 F.2d 1159 at 1161–62).  Vicarious liability may be imposed even when the controlling individual has no knowledge of the infringement. *Major Bob Music*, 851 F. Supp. at 480.

Plaintiffs' Complaint clearly alleges that Defendants have the right and ability to control the activities of The Crossroads. (Doc. 1 at 6 ¶¶ 24-30). The Complaint also alleges that the named defendants certainly derive a financial benefit from the operation of The Crossroads and the activities which take place there. (*Id.*) Accordingly, Defendants may be held vicariously liable for the copyright infringement of other performers at their establishment, and their motion to dismiss based on Plaintiffs' alleged failure to state a claim is due to be denied.

Defendants further argue that the actual performers of the alleged copyright infringement are necessary parties to this suit, and that their joinder is indispensable to the just adjudication of this action. Defendants assert that Plaintiffs must name and serve all performers alleged to have violated the copyright act before Plaintiffs can continue with this action. Again, Defendants do not support this position with legal precedent.

FEDERAL RULE OF CIVIL PROCEDURE 19(a) provides that a person must be joined as a party to the action if (1) in the person's absence complete relief cannot be afforded among those already parties or (2) the person claims an interest relating to the subject of the action. FED. R. CIV. P. 19(a)). "[U]nder the ... principle of joint and several liability, 'which governs not only common law torts but also the federal statutory tort of copyright infringement[,] the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor.'" *Microsoft Corp. v. Cietdirect.com LLC*, 08-60668-CIV, 2008 WL 3162535 at *7 (S.D. Fla. Aug. 5, 2008) (quoting *Salton, Inc. v. Philips Domestic Appliances & Personal Care B. V.,* 391 F.3d 871, 877 (7th Cir. 2004)). Accordingly, "since joint tortfeasors are jointly and severally liable, the victim of copyright infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit are not indispensable parties." *Id.* at *6

(quoting *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 207 (D.C. Cir. 1981)).

Here, Plaintiffs need not join all the parties against whom they may have a cause of action into one suit.  Plaintiffs are free to exclude the actual performers as potential defendants and proceed with their claims against Catfish.  Accordingly, Defendants' motion to dismiss for failure to join a necessary or indispensable party is denied.

## CONCLUSION

Based on the foregoing, the court finds that Defendants' Motion to Dismiss (Doc. 5) is due to be denied.  A separate order will be entered.

**DONE** this 8th day of November, 2011.

_____
**JOHN E. OTT**
United States Magistrate Judge